UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSIAH WARFIELD,<br><br>Defendant. | Case No. 24-CR-193-3 (CJN) |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. The defendant, Josiah Warfield, is before this court after pleading guilty to one count of Assault with Intent to Kill While Armed and Aiding and Abetting (AWIK w/Armed), in violation of 22 D.C. Code §§ 401, 4502(a)(1), and 1805. For the reasons that follow, the United States respectfully requests that the court sentence the defendant to a term of **120 months' imprisonment** and five years of supervised release.

### I.   FACTUAL BACKGROUND

The factual proffer to which defendant Warfield agreed as part of his December 17, 2024, guilty plea establishes the following uncontested facts:

On April 2, 2024, Josiah Warfield and two others committed a drive-by shooting near the 2800 block of Bruce Place Southeast, Washington, D.C. At around 11:25 a.m., defendant Mullins (the driver) driving a red Kia SUV, chased the complainant, J.W.'s car, while the front passenger, defendant Lover, and rear passenger, defendant Warfield, leaned out of the Kia SUV's windows and shot at least three times at the complainant's car, striking the car multiple times. At the time of the shooting, defendant Warfield possessed and shot a Glock 19, 9 mm semi-automatic firearm

1

at the complainant. Defendant Lover possessed and shot a Draco 7.62 x 39 mm rifle at the complainant. Defendant Warfield shot at the complainant with the intent to kill him. He did so voluntarily and on purpose, and not by mistake or accident.

The complainant's car sustained one bullet hole to the rear windshield window, two bullet holes to the passenger front window, and one bullet hole to the passenger side mirror. Shortly after committing the drive-by shooting, the driver crashed the SUV, and defendant Warfield and the front passenger jumped out and ran into a wooded area nearby, where they were arrested.

## II.  PROCEDURAL HISTORY

On April 18, 2024, a federal grand jury in the United States District Court for the District of Columbia returned a four-count Indictment charging: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 USC § 922(g)(1) (Count One - Lover); Assault With Intent to Kill While Armed and Aiding and Abetting, in violation of 22 DCC §§ 401, 4502, and 1805 (Count Two – Lover, Warfield, Mullins); Possession of a Firearm During a Crime of Violence, in violation of 22 D.C. Code § 4504(b) (Count Three – Lover and Warfield); and Carrying a Pistol Without a License (Outside Home or Place of Business), in violation of 22 D.C. Code § 4504(a)(1) (Count Four – Warfield). ECF No. 5. Defendant Warfield was named in Counts Two through Four.

On January 27, 2025, defendant Warfield pled guilty pursuant to a negotiated agreement. ECF No. 48. Under the agreement, defendant Warfield agreed to plead guilty to Count Two and the government agreed to cap its sentencing recommendation at 120 months' incarceration. *Id.* at 4.

### III.  LEGAL STANDARD

Under the plea agreement, defendant Warfield agreed that the sentence in this case would be determined by the court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Voluntary Sentencing Guidelines for the District of Columbia. The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> (i) issued by the Sentencing Commission ...; and
> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
> (A) issued by the Sentencing Commission ... and
> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

### IV. ANALYSIS OF THE D.C. SENTENCING GUIDELINES

AWIK w/Armed is a Group 3 Offense under the D.C. Voluntary Sentencing Guidelines. The government concurs with Probation's assessment of defendant Warfield's criminal history. Defendant Warfield has no prior criminal convictions and is estimated to have zero criminal history points. Thus, his criminal history category is estimated to be "A" under the Voluntary Sentencing Guidelines for the District of Columbia. A Group 3 Offense at criminal history category "A" returns a guideline range of 90-180 months' incarceration, with a mandatory minimum of at least 5 years, *see* 22 D.C. Code § 4502(a)(1).

### V. THE GOVERNMENT'S SENTENCING RECOMMENDATION

The crimes at issue here merit a lengthy term of incarceration. In this case, sentencing is guided by 18 U.S.C. § 3553(a). Some of the factors this court must consider include: the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1); the history and characteristics of the defendant, *id.*; and the need for the sentence to afford adequate deterrence, 18 U.S.C. § 3553(a)(2)(B).

**A. Nature and Circumstances of the Offense**

The nature and circumstances of this offense are serious and warrant a very lengthy sentence of imprisonment.

As an initial matter, Defendant Warfield was one of two shooters in a drive-by shooting that aimed to kill the complainant. As noted in Defendant Warfield's statement of facts, Defendant Warfield armed himself with a Glock 19, 9 mm semi-automatic firearm (circled in yellow). In the car driven by defendant Mullins, the defendants the complainant and pulled up next to the driver's side of the complainant's car. Defendant Mullins pointed his handgun at the complainant and fired multiple times while defendant Lover fired his own hail of bullets at the complainant using a Draco

Norinco semi-automatic rifle (circled in red). S*ee* Figure 1, below; Gov't Ex – A at 0:28.



*Figure 1: Warfield (rear passenger) and Lover (front passenger) Shooting at Complainant*

Defendants Warfield and Lover's gunfire struck the complainant's back windshield, put two bullet holes in the passenger front window, and one bullet hit the passenger side mirror. One bullet also struck the passenger side headrest. *See* Figures 2-4, below. Had that bullet struck two feet to the left, it would have struck the complainant in the head, causing serious bodily injury or even death.

5


*Figure 2: Complainant's Back Windshield*


*Figure 3: Complainant's Passenger Side Window*



*Figure 4: Complainant's Passenger Side Headrest*

After the shooting, the red SUV quickly drove away but crashed shortly thereafter. All three defendants bailed out of the SUV and were detained within minutes after the crash. After the defendants were detained, officers canvassed the defendants' flight path and found a black Glock 19 Gen 5 semi-automatic handgun (SN# BKRG362), with no round in the chamber and 11 rounds in a 15-round capacity magazine.



*Figure 5: Recovered Glock 19 Gen 5 semi-automatic handgun*

Officers also found a black semi-automatic Draco Norinco MAK-9 Sporter (SN# #35034)

with blue tape wrapped around the barrel and loaded with one round in the chamber and 17 rounds in an unknown capacity magazine.



*Figure 6: Recovered Draco Norinco MAK-9 Sporter*

The rifle recovered in the woods is consistent with the rifle used by defendant Lover, the front-seat shooter as captured in the CCTV footage of the shooting. S*ee* Figure 1, above.

Even more troubling, the defendants committed this drive-by shooting approximately 500 feet (or approximately a 2-minute walk) from an elementary school – *during school hours on a Tuesday*. See Figure 7, below.



*Figure 7: Distance Between the Drive-by Shooting and an Elementary School.*

8

According to the Rocket Rise Academy's website, 658 students, ages 3 to 10 years old, were enrolled at the school at the time of the shooting. *See* Rocket Public Schools, *Rise Academy*, https://www.rocketshipschools.org/schools/rise-academy/ (last visited on April 28, 2024). Moreover, two Prince George County detectives who happened to be in the area saw the red Kia SUV driving recklessly down the street, seconds before defendant Mullins lost control of the car and crashed it into the woods. The defendants' reckless actions not only endangered other drivers but the lives of small children. Indeed, surveillance video captured a small child holding the hand of an adult crossing the street *less than 30 seconds* before the defendants' committed the drive-by shooting at that very same spot. *See* Figure 8, below; see also Gov't Ex. A at 0:06.



*Figure 8: Small Child Holding the Hand of an Adult, Crossing the Street*

The defendants not only disregarded the safety of an entire elementary school and put a little child and her caregivers in danger, but they jeopardized others as well. As defendants Warfield and Lover shot at the complainant's car, defendant Mullins drove past a black sedan so that it was positioned between the shooters and the complainant, directly placing the driver in the

9

direct line of fire. *See* Figure 9, below; *see also* Gov't Ex. A at 0:35.



*Figure 9: Complainant's Car in Foreground. Black Sedan in the Field of Fire.*

Defendant Warfield's conduct here was exceptionally brazen. A drive-by shooting where he fired multiple rounds at the complainant, while Defendant Lover did the same with an assault rifle, in a residential neighborhood, with police nearby, is incredibly reckless. Any stray bullets could have struck a nearby home, a passerby, or even teachers and children at the elementary school. That defendant Warfield committed the shooting during school hour, near where children play, is *very* serious conduct.

Further, given that defendant Warfield was one of the shooters and personally fired at the complainant, the Court should sentence defendant Warfield to a longer term of incarceration than defendant Mullins, who was the driver. In that case, the government is requesting a sentence of 97 months' incarceration. While both are culpable and guilty of AWIK w/ Armed, the Court should consider their relative roles in the shooting when handing down its sentence.

B. **History and Characteristics of the Defendant**

At the time of the crime, defendant Warfield was 23 years old and had no criminal convictions. However, the crime he perpetrated marks a serious escalation of criminal conduct. Defendant Warfield went from no criminal history to attempting to murder someone. The

10

defendant's participation in such a violent crime warrants a substantial sentence.

### C. The Need for the Sentenced Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

While thankfully no one was injured in the instant case, the recklessness and impulsivity combined with the firepower the defendants possessed heightened the danger to the danger to the community. A significant term of incarceration is necessary to incapacitate Defendant Warfield and protect the community.

The still photograph below is the scene of the shooting just 14 seconds before the defendants committed the drive-by. *See* Figure 10, below. In the photo, a marked MPD cruiser is driving down the street. Further down, Officer Cruz's scout car is facing the direction of the shooting (circled in yellow). Despite **two** visible and obvious police cars, the defendants persisted in their attempt to kill the complainant and sprayed bullets from the SUV.



*Figure 10: Two MPD Cars Patrolling the Area 14 Seconds before the Drive-by.*

Their rash conduct near heavy police presence and where hundreds of young children play every day, demonstrates the danger posed to the community and why a lengthy prison sentence is warranted.

### D. The Need for the Sentence to Afford Adequate Deterrence

A significant sentence of incarceration is needed to both generally deter violent offenses in the District and to deter defendant Warfield from perpetrating violent crimes in the future. *See* 18 U.S.C. 3553(a)(2)(B). A drive-by shooting that endangers not only the intended victim but

11

bystanders, including children, should carry a hefty sentence that deters other individuals from carrying out similar crimes. Drive-by shootings are by no means uncommon in the District—including shootings that occur in broad daylight. The Court should impose a sentence that makes individuals think twice before carrying out such an egregious offense. Moreover, a lengthy term of incarceration is appropriate to specifically deter defendant Warfield from continuing his path of escalating criminal behavior. Defendant Warfield is at a pivotal moment in his young adult life—the sentence this Court imposes must be sufficient to deter defendant Warfield from carrying out similar crimes upon his release.

## CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the court sentence defendant Josiah Warfield to 120 months' imprisonment, to be followed by five years of supervised release.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. Bar No. 481866

By:      /s/ *Jared English*
JARED ENGLISH
D.C. Bar No. 1023926
SARAH MARTIN
D.C. BAR 1612989
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-465-0089
Email: Jared.English@usdoj.gov